**AMERICAN PROCESSING & SALES CO. v. CAMPBELL, Collector of Internal Revenue.**

No. 46C105.

District Court, N. D. Illinois.

Oct. 15, 1946.

As Amended Nov. 6, 1946.

Herman A. Fischer, of Chicago, Ill., for plaintiff.

J. Albert Woll, U. S. Atty., of Chicago, Ill., for defendant.

BARNES, District Judge.

### Findings of Fact

1. The Court finds from the pleadings and the evidence in this case that the plaintiff, American Processing and Sales Company, is a corporation, organized and existing under the laws of the State of Illinois; that Nigel D. Campbell, the defendant, is the Collector of Internal Revenue of the United States.

2. That the tax, a refund of which plaintiff is suing for, is a tax levied under the provisions of sub-chapter A of Chapter 11 of the Internal Revenue Code, 26 U.S. C.A. Int'.Rev.Code, § 1800 et seq., which tax was based upon an assessment on the supposed transfer by the Rapid Roller Company, an Illinois corporation, of its supposed right to receive 1500 shares of the plaintiff's Preferred Stock and 3800 shares of the plaintiff's Common Stock.

3. That the plaintiff, under its then corporate name of Hawthorn-Mellody Farms Dairy, Inc., and said Rapid Roller Company, on April 6, 1943, filed Articles of Merger with the Secretary of State of Illinois, incorporating a plan of merger which had been adopted by the shareholders of both corporations, and thereupon the Secretary of State issued a Certificate of Merger to the plaintiff, as the "surviving corporation," to which certificate he affixed one of the duplicate original Articles of Merger. That plan of merger contained the following:

"The conversion of the presently outstanding 5405 shares of stock of the merging corporation" (which was Rapid Roller Company) "into stock of the surviving cor-

poration" (which is the plaintiff) "shall be accomplished as follows:

"There shall be issued to the present holders of shares of stock in the merging corporation, pro-rata, upon the surrender and cancellation of the certificates therefor, certificates representing 1500 shares of the preferred stock and 3800 shares of the common stock of the surviving corporation, said 5405 shares of stock of the merging corporation being changed into said 1500 shares of the preferred stock and 3800 shares of common stock of the surviving corporation."

4. That on April 5, 1945, a report of an examination was rendered by Harry N. Crittenden, an internal revenue agent, in which he recommended the assessment of a tax, in the amount of $265, by the Commissioner of Internal Revenue, against the plaintiff, as incurred by the plaintiff under Section 1802(b) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1802(b), predicated upon the assumed facts (a) that said merger resulted in the acquisition by Rapid Roller Company of a right to receive the above described shares of the plaintiff's stock, and (b) a transfer of such right was made by Rapid Roller Company to its shareholders.

5. That on April 21, 1945, an assessment of said tax, in said amount of $265, was made against the plaintiff by the Commissioner of Internal Revenue, and on May 9, 1945, notice and demand for payment of said tax was served upon the plaintiff by the defendant.

6. That on May 18, 1945, the plaintiff paid said tax in the amount of $265 to the defendant, as the Collector of Internal Revenue, of the Chicago, Illinois District, at the defendant's office in Chicago, Illinois.

7. That on June 11, 1945, plaintiff filed its claim for refund of tax paid in the amount of $265 in the office of the defendant, and that on October 31, 1945, the Commissioner of Internal Revenue rejected the plaintiff's claim in full.

8. That said Rapid Roller Company did not, in or through said merger, acquire the right to receive 1500 shares, or any shares, of the plaintiff's preferred stock, or 3800 shares, or any shares, of the plaintiff's common stock, and did not transfer the right to receive any such shares to its stockholders.

### Conclusions of law

1. That the Court has jurisdiction of the parties hereto and the subject matter hereof.

2. The Court finds the issues for the plaintiff and against the defendant, and finds that the plaintiff is entitled, as a matter of law, to the refund by the defendant to the plaintiff of the sum of $265 plus interest thereon from May 18, 1945, the date of the payment of said tax, at the statutory rate of 6% per annum.

3. That therefore the plaintiff is entitled to judgment in the amount of $265 plus interest thereon from May 18, 1945, at the rate of 6% per annum, and all taxable costs.